REQUESTED BY: William J. Bailey, Jr. Assistant Director, Nebraska Game and Parks Commission, 2200 North 33rd Street, Lincoln, NE 68503
 BY: Robert M. Spire, Attorney General; Timothy E. Divis, Assistant Attorney General, 2115 State Capitol, Lincoln, NE 68509
Does an individual, under the laws, of Nebraska, have the right to use without permission of the landowner, those riparian lands below the high-water line for the purpose of hunting, fishing, boating (beaching or tying craft to shore) and other recreation activities?
An individual does not have such a right, except to portage or otherwise transport a non-powered vessel around a fence or obstruction in the river.
You have requested our opinion regarding the right of the public to utilize, without the permission of the landowner, those riparian lands below the high water line for the purpose of hunting, fishing, and boating (beaching or tying craft to shore) and other recreation activities. It is our opinion that the public has no right to utilize the banks of the Missouri River without the permission of the landowners except to portage or otherwise transport a nonpowered vessel around a fence or obstruction in the river.
Nearly 79 years ago, the Nebraska Supreme Court, in the case of Kinkead v. Turgeon, 74 Neb. 580, 109 N.W. 744
(1906), found that whatever right and title the United States had in the bed of a navigable stream passed to the state government, and that the local law of each state determines the question of whether the bed of such a stream belongs to the state or to the riparian owner. The Court went on to find that the common law, not being inconsistent with any statutory law, determined such ownership rights. The Court found that the common law, as it applies to the navigable rivers of the State of Nebraska, grants exclusive right and title to the riparian owner to the bed of the river to the mid-point of the stream, subject to the public's right to navigation or right of passage.
The Court noted that, in some instances, the courts of a state lying upon one side of a navigable stream uphold and enforce the rule of the common law, while on the other side of the same river, the courts of another state declare that the riparian owner only takes to the high or low water mark, as the case may be. Such is the difference between the states of Nebraska and Iowa. The fact that the Iowa law allows the public access to the banks of the Missouri River to the high water mark without the landowner's permission has no effect upon Nebraska law, which grants the riparian landowner title to the mid-point of the stream.
Neb.Rev.Stat. § 28-522 (Reissue 1979) provides that necessary portage of a non-powered vessel in any stream or river of this state is an affirmative defense to an action in criminal trespass. To the extent that it would be necessary to portage a non-powered vessel around a fence or obstruction in the Missouri River, the public would have a right to go upon the banks of the river.
We would note that our opinion as to the public's right to go upon the banks of a navigable stream without the permission of the landowner most likely applies to nonnavigable streams in the state. While the Nebraska Supreme Court has not ruled on the matter, a reading of the case law from other western states with similar statutes and constitutional provisions regarding the public's right to the use of the waters of the state would indicate that the public has the right to use the waters for purposes of transportation, but that they have no right to go upon the banks of such streams without the owner's permission unless it is for the purposes of necessary portage (See Nebraska Water Law and Administration, Richard Harnesberger and Norman Thorson, Butterworth Legal Publishers, St. Paul, 1984).
Should you have any additional questions regarding this matter, feel free to contact the undersigned assistant attorney general.
Sincerely,
ROBERT M. SPIRE Attorney General
Timothy E. Divis Assistant Attorney General